IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **STEPHANIE HARRIS,** | CASE NO. 1:22 CV 290 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY,** *et al.*, | OPINION AND ORDER |
| Defendants. | |

This is a removed *pro se* case. *Pro se* Plaintiff Stephanie Harris filed a small claims complaint in Euclid Municipal Court against the United States Department of Housing and Urban Development (HUD) and the Cuyahoga Metropolitan Housing Authority (CMHA). (R. 1-1.)

Plaintiff's complaint pertains to her rental housing. She alleges she resides in CMHA housing and participates in the federal Housing Choice Voucher Program. She alleges that after her rental unit became uninhabitable, she began searching for alternative housing, but she has been stalked, harassed, and intimidated by her landlord, and CMHA and HUD have failed to assist her in expediting her moving process despite her requests. She seeks $6,000 in damages.

HUD, through the United States Attorney, removed the action to federal court pursuant to 28 U.S.C. § 1442 and filed a motion to dismiss Plaintiff's complaint as against it on the basis of sovereign immunity and for Plaintiff's failure to allege any specific legal cause of action against it. (R. 3.)

Plaintiff has not responded to the motion, and upon review, the Court will grant the motion for the reasons explained herein.

The United States and its agencies have sovereign immunity and, absent a waiver, may not be sued. *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is a limited waiver of sovereign immunity and provides the "exclusive" remedy for injury or loss of property arising or resulting from a negligent or wrongful act of a federal government employee. 28 U.S.C. § 2679(a), (b)(1). *See also Jude v. Commissioner of Social Security*, 908 F.3d 152, 158 (6th Cir. 2018). "State tort law provides the substance of a claim that gains its jurisdictional basis through the FTCA." *Jude*, 908 F.3d at 158.

Although it appears upon liberal review of Plaintiff's complaint that she seeks damages against HUD for injury or loss of property allegedly arising from a negligent or wrongful act of an employee or employees of HUD, a federal government agency, her complaint does not allege any cause of action against HUD cognizable under the FTCA.

Further, before a plaintiff may bring an action under the FTCA, she must exhaust her administrative remedies by presenting her claim to the proper federal agency and that agency must deny the claim. *See* 28 U.S.C. § 2675(a). The claimant must give the agency written notice of the claim sufficient to enable the agency to investigate it. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981). "The requirement in 28 U.S.C. § 2675(a) that an administrative claim be filed as a prerequisite to filing a civil action under the Federal Tort Claims Act . . . [is a] jurisdictional requirement[], not capable of waiver or subject to estoppel." *Garrett v. U.S.*, 640 F.2d 24, 26 (6th Cir. 1981).

There is no suggestion in Plaintiff's complaint that she is attempting to assert a tort claim under the FTCA, or that she has exhausted her administrative remedies as one must do to pursue such a claim. Therefore, Plaintiff's complaint fails to allege any plausible damages claim against HUD, which is entitled to sovereign immunity.

**Conclusion**

Accordingly, HUD's Motion to Dismiss Plaintiff's Complaint (R. 3) is granted, and this action is dismissed against HUD pursuant to Fed. R. Civ. P. 12. Following dismissal of the action against HUD, there is no basis for an exercise of federal subject matter jurisdiction over Plaintiff's complaint, which attempts to assert a claim against CMHA. Consequently, the complaint against CMHA is remanded to Euclid Municipal Court. The Court further certifies, pursuant to 28 U.S.C. 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: May 17, 2022